**Ralph W. Wilkerson, Attorney**
208 N. Broadway, Suite 414
Billings, MT 59101
Telephone No.: (406) 690-8300

Ralph W. Wilkerson
Montana Bar No. 6971
Email: rwwilkerson@cox.net

Attorney for Debtor(s)

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: | Case No. 13-60315 |
| Paul W. Layton and Collette J. Layton, | |
| Debtor(s). | |

---

## CHAPTER 13 PLAN Dated March 12, 2013

---

1. The future earnings and other income of the debtor(s) are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this plan, and debtor(s) shall pay to the Trustee the sum of $ 1,030.00 each month for a term of 60 months, or until all of the provisions of this Plan have been completed. Plan Payments shall commence within thirty (30) days following the filing of the Plan. The Debtor(s) shall make payments directly to the Trustee until their wage deductions begin.

2. From the payments so received, the Trustee shall make disbursements as follows:

(a) <u>ADMINISTRATIVE CLAIMS.</u> The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. Section 507(a)(2), including the debtor's attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee for filing the Debtor's petition) will be as follows:

| | |
|---|---|
| Estimated total attorney fees: | $ 3,500.00 * |
| Estimated total costs: | $ 200.00 |
| Total estimated attorney fees and costs: | $ 3,700.00 |
| Less retainer: | $ 600.00 |

**TOTAL FEES AND COSTS TO BE PAID THROUGH THE PLAN:** **$ 3,100.00**

\* If this figure differs from the Disclosure of Compensation originally filed by the Debtor's attorney, said Disclosure must be amended simultaneously with the filing of this plan, or amended as provided in F.R.B.P. 2016(b).

(b) <u>IMPAIRED SECURED CLAIMS</u>. After payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. Section 506(a), together with interest at the rate prescribed below from the date of confirmation, on a pro rata basis, as follows:

| **Name of Creditor** | **Claim Number** | **Allowed Secured Claim** | **Rate of Interest** |
|---|---|---|---|
| **Boeing Employees' Credit Union** | | $14,304.00 * | 5% |
| **First Investors Servicing Corp.** | | $7,572.00 * | 5% |

(\* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.)

Secured creditors shall retain their liens as provided by 11 U.S.C. Section 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

(c) <u>UNIMPAIRED SECURED CLAIMS</u>. The following secured creditors, whose claims will be left unimpaired by this plan, are not provided for by this plan and shall receive no payments through the trustee except with regard to those arrearages specified below, if any:

| **Name of Creditor** | **Description of Collateral** |
|---|---|
| None. | |

**Debtors will continue to pay this creditor directly, outside of the Chapter 13 Plan.**

Concurrently with the payments on impaired claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Amount of Arrearage** |
|---|---|
| None | |

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

(d) <u>DOMESTIC SUPPORT OBLIGATIONS.</u> After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations. Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| **Creditor** | **Complete Address** | **Claim Amount** |
|---|---|---|

**Minnesota Child Support Payment Center** $23,000.00
**P.O. Box 64326**
**Saint Paul, MN 55164-0326**

    (e) PRIORITY CLAIMS. After payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. Section 507.

    (f) GENERAL UNSECURED CLAIMS. After the payments specified above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

    (G) LIQUIDATION ANALYSIS. The total amount distributed under paragraphs 2.(e) and (f) will be at least $ 2,000.00 , which exceeds what would be available to pay unsecured claims if the debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. REJECTION OF CONTRACTS OR LEASES. The debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

| **Type of Agreement** | **Date of Agreement** | **Other Party to Contract** |
|---|---|---|
| None | | |

    All other contracts and unexpired leases shall be affirmed.

4. SURRENDER OF PROPERTY. The debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

| **Secured Creditor** | **Description of Collateral** |
|---|---|
| **None.** | |

5. POSTPETITION SECURED DEBT: Debtor(s) reserves the right to incur postpetition secured debts, upon prior written approval of the Trustee, for items necessary to debtor(s) performance under this plan.

6. REPORT OF CHAGES IN INCOME: The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall report any changes in income in excess of $300.00 per month to the trustee.

7. OTHER PROVISIONS:

    None

8. DECLARATIONS: Under penalty of perjury Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that postpetition payments due on all domestic support obligations have been paid through the date of this Plan.

9. <u>EFFECTS OF CONFIRMATION:</u> Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtor(s) reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. Section 524(i). Debtor(s) specifically reserves all rights under 11 U.S.C. Section 524(i), including the right to ensure that all postpetition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

10. <u>PREVIOUS BANKRUPTCIES, AND DISCHARGE:</u> (Check one)

____ Debtor(s) is not eligible for a discharge of debts because the debtor(s) has previously received a discharge described in 11 U.S.C. Section 1328(f).

_X_ Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. Section 1328(f).

11. <u>INCOME TAX REFUNDS:</u> (Check one)

____ Debtor(s) projects no income tax refunds during the term of this plan. As a result, no income tax refunds will be turned over to the trustee.

_X_ Debtor(s) projects income tax refunds during the term of this plan. During the applicable commitment period of the plan, as defined in 11 U.S.C. Section 1325(b)(4), Debtor(s) will turn over to the trustee all net income tax refunds.

____ Debtor(s) projects income tax refunds during the term of this plan, and such tax refunds are included in the Debtor's budget.

DATED this __12th__ day of __March__, 2013.

                                          /S/ Paul W. Layton
                                               Debtor

                                        /S/ Collette J. Layton

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2013, a true and correct copy of the foregoing CHAPTER 13 PLAN DATED March 12, 2013, was mailed to the following:

See attached mailing matrix.

                                        /S/ Ralph W. Wilkerson
                                        Ralph W. Wilkerson

```
Label Matrix for local noticing         U.S. Bankruptcy Court, District of MT    Alliance One Receivables Management
0977-2                                  Room 303 Federal Building                P.O. Box 3111
Case 13-60315                           400 North Main                           Southeastern, PA 19398-3111
U.S. Bankruptcy Court, District of Montana   Butte, MT 59701-8866
Butte
Wed Mar 13 20:22:44 MDT 2013

Atlantic Credit                         Billings Clinic                          Boeing Employee Credit Union
P.O. Box 13386                          P.O. Box 35100                           P.O. Box 97050
Roanoke, VA 24033-3386                  Billings, MT 59107-5100                  Seattle, WA 98124-9750


Boeing FCU                              CBB Collections, Inc.                    Capital Management Services
P.O. Box 58570                          P.O. Box 31213                           698 1/2 S. Ogden St.
Tukwila, WA 98138-1570                  Billings, MT 59107-1213                  Buffalo, NY 14206-2317


Capital Management Services             Capital One                              Chase
726 Exchange Street, Ste. 700           P.O. Box 30285                           Correspondence Department
Buffalo, NY 14210-1464                  Salt Lake City, UT 84130-0285            P.O. Box 15298
                                                                                 Wilmington, DE 19850-5298


Credit One Bank                         First Investers                          GE Capital Retail Bank
P.O. Box 98875                          300 Interstate N. Pkwy                   Attn: Bankruptcy Dept.
Las Vegas, NV 89193-8875                Atlanta, GA 30339-2403                   P.O. Box 103104
                                                                                 Roswell, GA 30076-9104


GE Money Bank                           GEMB Select Comfort                      GEMB/Chevron
Attn: Bankruptcy Dept                   P.O. Box 981439                          4125 Windward Plz
P.O. Box 103104                         El Paso, TX 79998-1439                   Alpharetta, GA 30005-8738
Roswell, GA 30076-9104


GEMB/JC Penney                          GEMB/PPBYCR                              GEMB/Sam's Club
P.O. Box 981400                         P.O. Box 981064                          P.O. Box 981400
El Paso, TX 79998-1400                  El Paso, TX 79998-1064                   El Paso, TX 79998-1400


GEMB/Walmart                            HSBC Bank Nevada, N.A.                   (p)HSBC BANK
P.O. Box 981400                         Bass and Associates, P.C.                ATTN BANKRUPTCY DEPARTMENT
El Paso, TX 79998-1400                  3936 E. Ft. Lowell Road, Suite #200      PO BOX 5213
                                        Tucson, AZ 85712-1083                    CAROL STREAM IL 60197-5213


INTERNAL REVENUE SERVICE                Illinois Department of Revenue           Imaging Partners
CENTRALIZED INSOLVENCY OPERATIONS       P.O. Box 19035                           400 S. 43rd Street
PO BOX 7346                             Springfield, IL 62794-9035               Renton, WA 98055-5714
Philadelphia, PA 19101-7346


LVNV Funding, LLC                       LVNV Funding, LLC                        LVNV Funding, LLC
Box 10497                               P.O. Box 74028                           P.O. Box 740281
Greenville, SC 29603-0497               Houston, TX 77274                        Houston, TX 77274-0281
```

| | | |
|---|---|---|
| Leading Edge<br>8550 West Bryn Maw<br>Chicago, IL 60631-3222 | Merchants Credit<br>2245 152nd NE<br>Redmond, WA 98052-5519 | Merrick Bank<br>P.O. Box 5000<br>Draper, UT 84020-5000 |
| Minnesota Child Support Payment Ctr<br>P.O. Box 64326<br>Saint Paul, MN 55164-0326 | Montana Department of Revenue<br>Kim Davis<br>P.O. Box 7701<br>Helena, MT 59604-7701 | OFFICE OF THE U.S. TRUSTEE<br>U.S. TRUSTEE'S OFFICE<br>LIBERTY CENTER SUITE 204<br>301 CENTRAL AVE<br>GREAT FALLS, MT 59401-3113 |
| Paul W. Layton<br>Collette J. Layton<br>P.O. Box 50478<br>Billings, MT 59105-0478 | Portfolio Recovery Associates<br>Disputes Department<br>140 Corporate Blvd<br>Norfolk, VA 23502-4952 | Ralph W. Wilkerson<br>Law Office of Ralph W. Wilkerson<br>208 N. Broadway, Suite 414<br>Billings, MT 59101-1943 |
| Sentry Credit, Inc.<br>P.O. Box 12070<br>Everett, WA 98206-2070 | Valley Medical<br>400 S. 43rd Street<br>Renton, WA 98055-5714 | Van Ru Credit Corp.<br>P.O. Box 1761<br>Des Plaines, IL 60017-1761 |
| Wells Fargo<br>c/o Tiburon Financial<br>P.O. Box 10050<br>Fayetteville, AR 72703-0036 | Zales/CBSD<br>P.O. Box 6497<br>Sioux Falls, SD 57117-6497 | COLLETTE J. LAYTON<br>P.O. BOX 50478<br>BILLINGS, MT 59105-0478 |
| PAUL W. LAYTON<br>P.O. BOX 50478<br>BILLINGS, MT 59105-0478 | RALPH WOOD WILKERSON<br>LAW OFFICE OF RALPH W WILKERSON<br>208 N BROADWAY, SUITE 414<br>BILLINGS, MT 59101-1943 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| (d)Capital One<br>P.O. Box 85520<br>Richmond, VA 23285 | HSBC/Bestbuy<br>P.O. Box 15519<br>Wilmington, DE 19850 | End of Label Matrix<br>Mailable recipients 46<br>Bypassed recipients 0<br>Total 46 |